# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 27, 2012 Session

## EZRA WILLIAMS v. STEPHEN LEON WILLIAMS, ET AL.

**Appeal from the Chancery Court for Sullivan County**
**No. K0037464(C)     E.G. Moody, Chancellor**

---

### No. E2012-00162-COA-R3-CV-FILED-SEPTEMBER 12, 2012

---

In January of 2011, Ezra Williams ("Plaintiff") sued Stephen Leon Williams and Regions Bank[1]. Plaintiff died in May of 2011. Regions Bank filed a Suggestion of Death. No motion for substitution of proper party was made within ninety days after Plaintiff's death was suggested upon the record. In July of 2011, the attorney who had represented Plaintiff prior to Plaintiff's death filed a Motion for Voluntary Dismissal. In October of 2011, Regions Bank filed a Motion for Summary Judgment. The Trial Court granted the Motion for Voluntary Dismissal without prejudice. Regions Bank appeals to this Court. We hold that the Trial Court should have dismissed the case pursuant to Tenn. R. Civ. P. 25.01 for failure to timely move for substitution of proper party. We, therefore, vacate the Trial Court's judgment and dismiss this case pursuant to Tenn. R. Civ. P. 25.01.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Dismissed and Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Arthur G. Seymour, Jr. and Matthew A. Grossman, Knoxville, Tennessee, for the appellant, Regions Bank.

Rob Starnes, Kingsport, Tennessee, for the appellee, Ezra Williams, Deceased.

---

[1]Plaintiff later was granted leave to amend his complaint to add Heritage Title & Closing Services, LLC and Melissa A. Tootle as defendants to the suit. Stephen Leon Williams, Heritage Title & Closing Services, LLC, and Melissa A. Tootle are not involved in this appeal.

## OPINION

### Background

In January of 2011, Plaintiff sued Stephen Leon Williams and Regions Bank alleging, among other things, fraud, embezzlement, and negligence in connection with a Quitclaim Deed and Deed of Trust on a parcel of real property in Sullivan County. Plaintiff died in early May of 2011. On May 11, 2011, Regions Bank filed a Suggestion of Death suggesting the death of Plaintiff on the record. No motion for substitution of proper party pursuant to Tenn. R. Civ. P. 25.01 ever was filed.

On July 7, 2011, the attorney who had represented Plaintiff prior to Plaintiff's death filed a Motion for Voluntary Dismissal. On October 20, 2011, Regions Bank filed a Motion for Summary Judgment based upon there having been no motion for substitution of proper party filed. After a hearing on the Motion for Voluntary Dismissal and the Motion for Summary Judgment, the Trial Court entered its Final Order on January 3, 2012 granting the Motion for Voluntary Dismissal without prejudice and certifying the order as final pursuant to Tenn. R. Civ. P. 54.02. Regions Bank appeals to this Court.

### Discussion

Although not stated exactly as such, Regions Bank raises one issue on appeal: whether the Trial Court erred in granting Plaintiff's Motion for Voluntary Dismissal rather than Regions Bank's Motion for Summary Judgment. Plaintiff raises an issue regarding whether the Suggestion of Death was valid when no notice of hearing was filed or served. Because the facts involved in this appeal are undisputed and the issue presents a question of law, we review the Trial Court's decision *de novo* without a presumption of correctness. *E.g., Sowell v. Estate of Davis*, No. W2009-00571-COA-R3-CV, 2009 Tenn. App. LEXIS 860, at *7 (Tenn. Ct. App. Dec. 21, 2009), *no appl. perm. appeal filed*.

We first will address Plaintiff's issue regarding whether the Suggestion of Death was valid absent a notice of hearing. As pertinent to this appeal, Tenn. R. Civ. P. 25 provides:

> **25.01. Death.** – (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process. Unless the motion for

substitution is made not later than ninety (90) days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Tenn. R. Civ. P. 25.01.

Plaintiff argues in his brief on appeal that because Regions Bank failed to file and serve a notice of hearing with its Suggestion of Death, that the Suggestion of Death was invalid. Plaintiff has misread Rule 25.01 and is mistaken. Rule 25.01 neither requires nor even provides for a hearing on the Suggestion of Death. Rule 25.01 clearly provides that a notice of hearing shall be served on the parties with regard to a *motion for substitution of proper party*. Rule 25.01 contains no requirement that a notice of hearing be filed and served with regard to a Suggestion of Death. This distinction makes sense. A motion for substitution asks a trial court to take action and, thus, requires a court hearing of which all involved parties deserve notice and an opportunity to be heard. Conversely, a suggestion of death requires no hearing by the trial court. The purpose of the filing of a suggestion of death is to trigger the running of the 90 day period within which a motion for substitution of proper party may be filed. As a suggestion of death without either a motion for substitution of proper party being filed or the 90 day period running asks nothing of the trial court, there is no need to file a notice of hearing. It is Rule 25.01 itself that requires action by a trial court if a motion for substitution of proper party is not filed timely. Plaintiff's argument is without merit. The record on appeal reveals that the Suggestion of Death filed by Regions Bank was properly served upon the parties and constitutes a valid suggestion of death which triggered the running of the 90 days within which to file a motion for substitution of proper party.

We turn now to Regions Bank's issue regarding whether the Trial Court erred in granting Plaintiff's Motion for Voluntary Dismissal rather than Regions Bank's Motion for Summary Judgment. Importantly, Tenn. R. Civ. P. 25.01 also must be taken into account with regard to this issue. As this Court stated in *Sowell v. Estate of Davis*, "the plain language in Rule 25.01 mandates a dismissal for failure to comply with the Rule's requirement that a proper party be timely substituted for a deceased party." *Sowell*, 2009 Tenn. App. LEXIS 860, at *8.

The record on appeal reveals that Regions Bank filed the Suggestion of Death on May 11, 2011. This filing triggered the ninety day period within which to file a motion for substitution pursuant to Tenn. R. Civ. P. 25.01. Thus, the parties or "the successors or representatives of [Plaintiff] …" had until August 9, 2011 to file a motion for substitution of proper party. No motion for substitution of proper party was filed. The Trial Court held

its hearing on the Motion for Voluntary Dismissal and the Motion for Summary Judgment on December 22, 2011, more than ninety days after the filing of the Suggestion of Death.

Pursuant to Tenn. R. Civ. P. 25.01:

Unless the motion for substitution is made not later than ninety (90) days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action *shall be dismissed as to the deceased party*.

Tenn. R. Civ. P. 25.01 (emphasis added). Given the mandatory language of Rule 25.01, the Trial Court should have dismissed Plaintiff's action pursuant to Tenn. R. Civ. P. 25.01, rather than granting either Plaintiff's Motion for Voluntary Dismissal or Regions Bank's Motion for Summary Judgment. We, therefore, vacate the Trial Court's judgment and dismiss this case pursuant to Tenn. R. Civ. P. 25.01.

### Conclusion

The judgment of the Trial Court is vacated and this action is dismissed pursuant to Tenn. R. Civ. P. 25.01. This cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Regions Bank, and its surety.

_____
D. MICHAEL SWINEY, JUDGE